## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**STEVEN ROBERTS,**

    **Petitioner,**                      **CRIM. NO. 2:05-CR-00148**
                                        **CASE NO. 2:09-CV-00088**
**v.**                                           **JUDGE MARBLEY**
                                          **MAGISTRATE JUDGE ABEL**

**UNITED STATES OF AMERICA,**

    **Respondent.**

### OPINION AND ORDER

On November 12, 2010, the Magistrate Judge issued a *Report and Recommendation* recommending that claim two be stayed pending resolution of the issue in the United States Supreme Court, and that the remainder of petitioner's claims be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. Respondent has filed a response. For the reasons that follow, petitioner's objections are **OVERRULED**. This action is hereby **DISMISSED.**

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his claim of ineffective assistance of counsel based on his attorney's alleged failure to advise him whether or not he should accept the government's plea offer and the Magistrate Judge's denial of his request for an evidentiary hearing on this claim. Referring to *VonMoltke v. Gillies*, 332 U.S. 708 (1948), Petitioner contends that he is entitled to summary judgment in his favor or an evidentiary hearing on his claim, because Attorney Reed failed to offer Petitioner his informed opinion as to whether, and when, to enter a guilty plea. Petitioner clarifies that he does not assert denial of the effective assistance of counsel based on his attorney's failure to insist that he enter a guilty plea. Petitioner refers to defense counsel's statements at sentencing in support of this claim. Petitioner additionally objects to the Magistrate Judge's recommendation of dismissal of his claim of ineffective assistance

of counsel with respect to Attorney Akamine. He complains that the Magistrate Judge relied on representations of the Assistant United States Attorney in making a recommendation of dismissal of this claim, and argues that he was prejudiced by Akamine's alleged failure to convey the plea offer even if that offer remained open after Akamine was no longer counsel of record. Petitioner again argues that re-sentencing is warranted in view of *United States v. Almany,* 598 F.3d 238 (6th Cir. 2010), *certiorari granted, judgment vacated* by *United States v. Almany*, – S.Ct. –, 2010 WL 2300485 (Nov. 11, 2010), *on remand to United States v. Almany*, – F.3d –, 2010 WL 5110259 (6th Cir. Dec. 16, 2010). Finally, he objects to the Magistrate Judge's recommendation of dismissal of his claim of ineffective assistance of appellate counsel based on his attorney's failure to raise on appeal a claim that Petitioner was never informed he faced a maximum term of life incarceration on Count Six of the indictment, and that there was an insufficient factual basis for his guilty plea on Count Six and Count Seven.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review.

Petitioner's claim under *Almany* fails. On December 16, 2010, the United States Court of Appeals for the Sixth Circuit, upon remand from the United States Supreme Court, reversed its holding in *Almany*, 598 F.3d at 241(concluding that the "plain language of the firearm statute forbids a court from sentencing a criminal defendant under both the mandatory minimum sentence found in the firearm statute and another, greater mandatory minimum sentence in any other provision of law"), in view of the United States Supreme Court's decision in *Abbott v. United States*, 562 U.S. – (2010):

> [T]he district court, at the request of the government, piled two
> mandatory minimum sentences on top of each other, one a 10-year
> drug sentence, the second a 5-year firearms sentence connected to the
> drug sentence. Our court set the 5-year firearms sentence aside under

> the words of the firearms statute that state expressly that the 5-year sentence should not be imposed at all "to the extent that a greater minimum sentence is otherwise provided ... *by any other provision of law.*" *United States v. Almany*, 598 F.3d 238, 241-42 (6th Cir.2010) (quoting 18 U.S.C. § 924(c)(1)(A) (emphasis added)). The Supreme Court reversed our decision. We were wrong because in these kinds of statutes, Congress normally intends to make sentences longer, not shorter, more severe, not less. *Abbott v. United States,* 131 S.Ct. 18 (Nov. 15, 2010). The Supreme Court understood, it said, that the lesser sentence resulting from the express words "any other provision of law" of the statute "project a rational, less harsh, mode of sentencing. But we do not think it was the mode Congress ordered." Slip op. at 13. Having observed that the "less harsh" construction was a rational construction, the Court then said that the "grammatical possibility of a defendant's interpretation does not command a resort to the rule of lenity if the interpretation proffered by the defendant reflects an implausible reading of the congressional purpose." *Id.* at 18 n. 9 (internal quotation marks omitted). Thus, apparently the rule of lenity based on ambiguous language does not operate when the court resorts to the "Equity of the Statute" to give it a construction opposite to the meaning the words ordinarily signify because the Court knows that what the legislature intended was not what it wrote. Nothing is mentioned about an *ex post facto* problem when a statute is interpreted contrary to its words. The Supreme Court is "final but not infallible" and we must follow their interpretation of statutes. The "Equity of the Statute" doctrine is alive and well-although unmentioned by the Supreme Court-more than seven centuries after its origin at common law.

*United States v. Almany*, 2010 WL 5110259, at *1 (footnote omitted.)  Therefore, claim two hereby is **DISMISSED**.

Further, upon careful consideration of the entire record, this Court is unpersuaded that an evidentiary hearing is required to resolve Petitioner's claims.  Attorney Akamine represented Petitioner only briefly.  On August 3, 2005, shortly after Petitioner's July 22, 2005, arraignment, Attorney Reed filed a notice of substitution of counsel of record (Doc. 16.)  Nothing in the record supports Petitioner's allegation that any plea offer was conveyed from the government during the time that Attorney Akamine was counsel of record, or that the terms of any such plea offer did not

3

remain open thereafter. Therefore, this Court likewise concludes that Petitioner cannot establish prejudice, as that term is defined under *Strickland v. Washington*, 466 U.S. 668 (1984) due to Attorney Akamine's alleged failure to convey a plea offer.

Petitioner's arguments in regard to the alleged ineffective assistance of Attorney Reed likewise lack record support. Petitioner argues that this Court should grant relief, or an evidentiary hearing on this claim because Attorney Reed failed to offer his informed opinion as to whether, and when Petitioner should enter a guilty plea, and failed to discuss the consequences of not doing so before the filing of the superseding indictment. However, the affidavit of Attorney Reed indicates in relevant part that he discussed Petitioner's

> options extensively with him. . . advised him of the mandatory time, if he did not get a 5K1.1 motion filed, and the additional 60 months if they filed a superseding indictment charging a 924(c). We also discussed the career offender possibility since he had a prior drug conviction and a prior rape conviction. All options were discussed and all his questions answered.

*September 17, 2010, Affidavit of Joseph D. Reed* (Doc. 82.) Reed fully advised Petitioner of the law, facts against him, plea offers, and his experience with the Judge. Reed provided Petitioner with all available information, including the strength and weakness of the case, his experience with juries, and answers to all questions, so that Petitioner could make an informed decision as to what he wanted to do. Ultimately, Petitioner chose to "hold out until it was clear he would lose at trial." *See id.* As noted by the Magistrate Judge, Petitioner does not controvert Reed's affidavit or Reed's assertion that, after being fully informed, Petitioner first decided to wait and see if he were released on bail, and then to see whether the Court granted his motion to suppress. Therefore, the record fails to reflect any factual dispute requiring resolution by an evidentiary hearing to resolve Petitioner's claim. Further, this Court is not persuaded by Petitioner's argument that Reed's actions failed to

satisfy the obligations of constitutionally effective counsel during plea negotiations. Because Petitioner does not controvert the fact that he was fully advised at all times by his attorney in regard to the charges against him, and particularly of the plea offers that had been extended by the government and possibility that additional charges may be forthcoming if he did not accept the guilty plea, Petitioner's allegation now that he would have entered a guilty plea had counsel "offered his opinion" is unworthy of credit. Therefore, Petitioner cannot establish prejudice.

Finally, and for the reasons detailed in the Magistrate Judge's recommendation, this Court likewise is unpersuaded that Petitioner has established the ineffective assistance of appellate counsel so as to warrant habeas corpus relief.

For all the foregoing reasons, Petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED**.

**IT IS SO ORDERED**.

    s/Algenon L. Marbley
ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE